## CITY OF NEW YORK v. SPATZ.

(Supreme Court, Appellate Term. November 30, 1903.)

1. WEIGHTS AND MEASURES—ORDINANCES—VIOLATION—EVIDENCE.

Where an ordinance provided that if any person should use in the city, "when weighing or measuring as aforesaid," any weight, etc., which shall not conform to a certain standard, or shall use in weighing as aforesaid any scale-beam, etc., which shall be out of order, or incorrect, or which shall not balance, he shall forfeit a certain penalty, mere proof that certain scale weights found in defendant's grocery store were short, and that they were used there, without evidence as to how and for what purpose they were used, was insufficient.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action for a penalty by the city of New York against Barnet Spatz. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Arthur T. Crosby, for appellant.

Isidor Cohn, for respondent.

BISCHOFF, J. The evidence failed to show that the defendant had been guilty of a violation of any definite provision of law existing by virtue of an ordinance or otherwise, and, in view of the penal character of the action, the justice properly rendered judgment in his

favor upon the proof submitted. The ordinance upon which the action is based, and to which the proof of the existence of any ordinance is confined, reads:

"If any person shall use in the city of New York, in weighing or measuring as aforesaid, any weight, measure, scale-beam, patent balance, steelyard or other instrument which shall not conform to such standard, or shall use, in weighing as aforesaid, any scale-beam, patent balance, steelyard or other ·instrument, which shall be out of order or incorrect or which shall not bal-.ance, he, she, or they shall forfeit and pay for every such offense the sum of twenty five dollars."

To prove a violation, evidence was given that certain scale weights found at defendant's grocery store were "short," and that they were "used there." Whether this proof of use proved a case, within the ordinance, is impossible to determine where the very provisions of the ordinance showing what use was prohibited were omitted from the evidence. The words "as aforesaid" left the whole subject open, and by failing to give proof of the matter to which they referred the plaintiff simply failed to establish the ordinance upon which it relied. The same defect is apparent in the proof of shortness of weight, tested by something which the fragment of the ordinance in evidence refers to as "such standard."

Judgment affirmed, with costs. All concur.